IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY DEWAYNE HILL,<br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director, TDCJ-CID,<br>    Respondent. | No. 3:15-CV-3389-B |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 7, 2009, Petitioner pled guilty to aggravated robbery with a deadly weapon. *State of Texas v. Jimmy DeWayne Hill*, No. F09-53582-W (363rd Jud. Dist. Ct., Dallas County, Tex. Jul. 7, 2009). The court placed Petitioner on five years deferred adjudication probation.

On April 21, 2011, the State filed a motion to revoke Petitioner's probation. On May 12, 2011, Petitioner pled true to the allegations in the motion to revoke. The court sentenced Petitioner to fourteen years confinement.

On January 11, 2012, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Hill*, Application No. 77,978-02. On October 3, 2012, the Court of Criminal Appeals dismissed

the petition citing section 501.0081 of the Texas Government Code. On December 17, 2012, Petitioner filed a second state habeas petition. *Ex parte Hill*, Application No. 77,978-06. On June 25, 2014, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On October 16, 2015, Petitioner filed the instant petition. He argues:

1. The evidence was legally insufficient to support a finding that he committed the offense while committing theft or in immediate flight from the theft;

2. The evidence was legally insufficient to support a finding that he committed the offense with a "firearm";

3. His original plea was involuntary and unknowing since he was unaware that it was alleged that he committed the offense while fleeing;

4. His original attorney, Gary Unell, was ineffective in:

    a. allowing him to plead to a crime he did not commit,

    b. allowing him to waive his appeal,

    c. failing to notice the fatal variance in the indictment concerning the language related to committing the offense while fleeing,

    d. failing to notice that the indictment lacked the inclusion of "recklessness;"

5. He was denied his right to appeal the judgment placing him on deferred adjudication;

6. The trial court erred in accepting his guilty plea when the evidence did not support a finding of guilt;

7. The attorney representing him at the adjudication hearing, Mary Jo Earle, was ineffective in failing to tell him that he had to successfully complete the court ordered treatment program to receive the back time credit due him;

8. He was denied back time credit; and,

9. The state-habeas process was defective.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -2-

The Court finds the petition should be dismissed as barred by the statute of limitations and without merit.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner raises claims that relate to his July 7, 2009, deferred adjudication probation, as well as his May 12, 2011, revocation and sentencing. The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). The Court therefore considers this petition to be a challenge to two separate state judgments – (1) the July 7, 2009, order of deferred adjudication probation, and (2) the May 12, 2011, judgment sentencing Petitioner to fourteen years confinement.

(1) July 7, 2009, Deferred Adjudication Probation

Petitioner did not appeal from his July 7, 2009, placement on deferred adjudication probation. Therefore, his state judgment of deferred adjudication probation became final thirty days later on August 6, 2009. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until August 6, 2010, to file his § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first state habeas petition on January 11, 2012. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by August 6, 2010. He did not

---

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**      Page -4-

file his petition until October 16, 2015. His claims are therefore untimely.

Petitioner, however, argues his claims are timely because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claims. Instead, he relies on the trial record to argue he is actually innocent. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

### (2) May 12, 2011, Revocation and Sentencing

Petitioner did not appeal his May12, 2011, revocation and sentencing. His conviction therefore became final thirty days later on June 13, 2011. *See* Tex. R. App. P. 26.2. Petitioner was required to file his federal petition within one year, or by June 13, 2012.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed under § 501.0081 of the Texas Government Code. That section states that an inmate cannot file an application for a state writ of habeas corpus claiming the denial of time credits unless: (1) he first "receives a written decision issued by the highest authority provided for in the resolution system,"; (2) his time credit complaint has been pending more than 180 days, or (3) he

is within 180 days of his parole, mandatory supervision or release date. At the time Petitioner filed his state habeas petition, he stated on the petition that his time resolution claim was pending. *Ex parte Hill*, 77,978-02 at 14. He therefore had not received a decision by the highest authority in the resolution system. Petitioner has also failed to show he was within 180 days of his presumptive parole or release date, or that his resolution claim had been pending more than 180 days. The habeas petition was therefore not "properly filed" within the meaning of § 2244(d).

On December 17, 2012, Petitioner filed a second state habeas petition. This petition did not toll the limitations period, however, because it was filed after the one year limitations period expired.

Petitioner was required to file his federal petition by June 13, 2012. He did not file his petition until October 16, 2015. His claims are therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### C.  State Habeas Process

Petitioner claims the state habeas process was defective. Alleged defects in the state habeas proceeding, however, are not cognizable under § 2254. *See Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005). This claim should therefore be dismissed.

### III. Recommendation

The Court recommends that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed.

Signed this 10 day of June, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).